# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

**NRP Restoration, LLC**
d/b/s as Servpro of Jackson & Dekalb Counties AND
Servpro of Chattooga, Dade & West
Walker Counties
   Creditor & Plaintiff

   vs.         Adversary Proceeding No.

**Richard Blackman**
**Debra June Blackman**       Chapter 7

   Debtors & Defendants

## COMPLAINT TO DECLARE CREDITOR'S DEBT TO BE NON-DISCHARGEABLE PURSUANT TO 11 U.S.C § 523 (a)(6)

1. On April 24, 2018 the defendants/debtors commenced a voluntary case under Chapter 7 of the Bankruptcy Code, by filing a petition which has been assigned No. 18-bk-11824-NWW in this Court.

2. This Court has jurisdiction to hear this matter under 28 U.S.C. § 1334, since it arises in that case and is related to it. This proceeding is a core proceeding.

3. The Plaintiff was listed on Schedule F of the petition as an unsecured creditor under the name Servpro of Jackson & Dekalb Counties.

## PARTIES

4. The defendants are residents of Walker County Georgia.

5. Plaintiff NRP Restoration LLC does business as Servpro of Jackson & Dekalb Counties and Servpro of Chattooga, Dade & West Walker Counties pursuant to a license from Servpro Industries. "Servpro", where stated below, refers to NRP Restoration LLC, the local Servpro business, not Servpro Industries.

6. The plaintiff performed work on the debtors' personal residence in November 2017 pursuant to an insurance claim with Travelers Property and Casualty Insurance Co.

7. Servpro provides specialized damage control, remediation and restoration services to property owners after water damage, floods, fires and other disaster events.  Servpro services are often provided on an emergency basis or other sudden and urgent circumstances.  Servpro work is frequently performed as part of a property damage insurance claim.  Servpro assists the property owner by filing the proper claim documentation required by the property owner's insurance company.

8. A Servpro restoration business' relationship with a customer is not a typical lender/ borrower relationship.  Servpro does not make loans or issue credit cards.  Servpro enters into a trust-based business contract with a property owner designed to protect and restore a customer's property.

9. The foundation of that trust-based contract is that Servpro will be paid by the insurance company, or, if and when the insurance company pays the claim directly to the property owner, the property owner agrees to immediately pay Servpro from the insurance claim proceeds.

10. When Servpro works on a person's house or business pursuant to an insurance claim, the work must be performed to the standards required by the property insurance company.  Often an insurer prohibits Servpro from collecting any funds from the property owner at the time the work is done or even collecting the insurance deductible from the owner.

11. A Servpro business is entrusted with the property owner's residence as well as their personal property.  The property owner expects Servpro to protect their property, do the job to the standards required by the insurer, work directly with the claim adjuster, if needed, and file the documents necessary to support the claim.

**CAUSE OF ACTION**

12. In this case, the defendants signed a contract agreeing to pay Servpro from the insurance claim proceeds, including language that required the defendants to immediately pay Servpro if or when their insurer paid the claim funds directly to the insured.

13. Servpro completed the work on the customer's property and filed the claim documentation required by the insurer. The Servpro portion of the claim totaled $4532.95 for the work Servpro performed.

14. Sometime in December 2017, Travelers Insurance company paid the defendants $7,349.29 on the insurance claim. Based on other claim information, plaintiff believes the defendants were paid an additional $1200.00 arising from the claim at a later date.

15. The defendants did not immediately pay Servpro as required by the contract.

16. After receiving the insurance funds, the defendants used the funds for a variety of home improvements, including the amount they had agreed to pay Servpro.

17. Eventually, Servpro learned that that the insurer had paid the defendants. Servpro contacted the defendants and requested payment. The defendants eventually paid $1532.95 of the amount due Servpro, but they generally engaged a series of delay tactics and false promises to pay which caused Servpro to delay taking action in state court to collect their debt or seek a lien on the property.

18. At some point, Servpro and the defendants discussed a payment schedule designed to allow the defendants to make payments on the remaining balance of the Servpro debt. The defendants did not make further payments.

19. The proposed payment plan caused additional delay in pursuing Servpro's state court collection rights.

20. The defendants willfully and intentionally refused to pay Servpro after receiving the funds from their insurer.

21. The defendants received the funds owed to Servpro and willfully, intentionally and maliciously converted those funds to their own use, including making improvements to their residence which increased the value of their real estate that they then claimed as exempt in their petition.

22. Servpro performed $4532.95 in work on the defendants' residence. The defendants eventually paid Servpro $1532.95 and kept the remaining $3000.00 due and owed to Servpro.

23. The defendants received the value of the work performed and then took the remaining $3000.00 the insurance company paid them and invested it in their property. To that extent, the defendants effectively doubled their money.

24. The defendants' actions result in an unjust enrichment of the defendants, to the detriment of this creditor.

25. The defendants' delays in paying Servpro were deliberate and intentional.

26. The defendants actions resulted in a clear economic injury to this creditor.

WHEREFORE, the plaintiff requests this Court to declare the debt owed to plaintiff to be non-dischargeable

WHEREFORE, the Plaintiff prays that this Court enter an Order:

a. Declaring the debt to the plaintiff to be non-dischargeable; and

b. Awarding the plaintiff its attorney's fees and costs; and

c. Granting such additional relief as it deems necessary or proper.

     /s/ Rex A. Wagner
Rex A. Wagner
TN BPR# 015905
Attorney for Plaintiff
128 Bernham Drive, Suite 5
Cleveland, TN  37312
(423) 614-4224

Date:  July 29, 2018